**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

vs.                                                                                  CASE NO. 5:07-cr-4/RS

MARTIN BRANDON MOORE
_____/

**ORDER**

Pursuant to the mandate of the U.S. Court of Appeals for the Eleventh Circuit (Doc. 235), Defendant Martin Moore must be resentenced on Count II.  After applying the United States Sentencing Guidelines to the amount of drugs for which Moore was found guilty, I find that Defendant is ineligible for a sentence reduction.

**I.  Background**

On March 20, 2007, Defendant was found guilty by a jury as to each of Counts I and II of the indictment, but to different drug quantities on both counts than those specifically charged.  (Doc. 85).  On Count I, Defendant was found guilty of conspiracy to possess with intent to distribute more than 50 grams of a mixture and substance containing cocaine base and more than 500 grams, **but less than 5 kilograms,** of cocaine, in violation of 21 U.S.C § 841.  On Count II, Defendant was found guilty of possession with intent to distribute more than 50 grams of a mixture and substance containing cocaine base and more than 500 grams, **but less than 5 kilograms,** of

cocaine, in violation of 21 U.S.C. § 841. On May 30, 2007, the court mistakenly calculated Defendant's sentence using a greater drug weight of cocaine and sentenced Defendant to life imprisonment as to each of Counts I and II, to be served concurrently. (Doc. 106).

As to Count I, the presentence report erroneously reported the penalty as to the cocaine powder by basing the penalty on a greater weight of cocaine than was found by the jury. Nevertheless, because cocaine base was also included in Count I and carried a higher statutory penalty, the error did not have any impact on the sentence (mandatory life imprisonment). As a result, the Eleventh Circuit affirmed Defendant's sentence as to Count I.

As to Count II, the Eleventh Circuit vacated the sentence and remanded for resentencing because Defendant was sentenced using the wrong guidelines range. After recalculating the sentence with the corrected drug weights, Defendant's total offense level is 38, his criminal history category is III, and his guideline range is 292 to 362 months for Count II. The maximum enhanced penalties for violation of 21 U.S.C. §§ 841(a), (b)(1)(B)(iii), 841(b)1(C) and 18 U.S.C. § 2 are mandatory ten years to life imprisonment, eight years supervised release, $4,000,000 fine, and a $100 special monetary assessment. However, pursuant to U.S. Sentencing Guidelines Manual § 5G1.1(b), the mandatory sentence is again life imprisonment because the statutorily required minimum mandatory sentence of Count I (life imprisonment) is greater than the maximum of the applicable guideline range for Count II.

Because the modification of the sentence is not more severe than the original sentence, Defendant is not entitled to be present at the resentencing. *United States v. Jackson*, 923 F.2d 1494, 1497 (11th Cir. 1991) ("a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous."). Because the Eleventh Circuit Court of Appeals has upheld the sentence of Count I (for which Defendant received a mandatory sentence of life imprisonment), re-sentencing under the circumstances of this case does not create an opportunity for Defendant to raise new issues or to further argue issues Defendant previously raised during his original sentencing. It is impossible to review Defendant's objections as they relate to Count II without also applying those objections to Count I. U.S. Sentencing Guidelines Manual § 1B1.1. Since the sentence of Count I is not at issue, it would be inappropriate for the court to try to apply the objections solely to Count II. Furthermore, the grouping rules and mandatory minimum sentence of Count I make Defendant's objections merely academic. Thus, Defendant's Objections to Court's Notice of Intent to Re-sentence (Doc. 239) and Defendant's Objections to Presentence Investigation Report (Doc. 243) are inappropriate at this stage in the proceedings.

## II.  New Sentence

The court determines the corrected presentence investigation report is accurate and orders the findings of the report to be incorporated into the following sentence:

Pursuant to the Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 et seq., it is the judgment of the court that **Defendant Martin Brandon Moore is hereby**

**committed to the custody of the Bureau of Prisons for a term of life imprisonment as to each of Counts I and II, to be served concurrently**. This sentence is imposed based upon the existing record in this case including the Government's enhancement, the presentence report, the Defendant's criminal history category, and in recognition of the minimum mandatory statutory penalty required by law as to Count I.

Upon review of all factors properly considered under 18 U.S.C. § 3553(a), and taking into account the advisory nature of the United States Sentencing Guidelines, I conclude that this sentence, which is within the guidelines range, is appropriate. *See United States v. Booker*, 543 U.S. 220, 245, 125 S. Ct. 738, 757 (2005). This sentence is sufficient, a lower sentence would not be sufficient, and a greater sentence is not necessary to comply with the statutorily-defined purposes of sentencing.

In making this sentencing decision, I have consulted the United States Sentencing Guidelines and calculated the applicable restricted advisory range to be life imprisonment based upon a total offense level of 38 (Base Offense Level 34; Specific Offense Characteristic +2; Obstruction of Justice +2; Acceptance of Responsibility -0) and a criminal history category of III. I then determined whether, pursuant to the Sentencing Commission's policy statements, if any departures or variances from the advisory guidelines range were clearly appropriate. In this case, I find that a departure from the sentencing guideline range is not warranted.

If released from prison, Defendant shall be placed on supervised release for a term of ten (10) years as to Count I and eight (8) years as to Count II, to be served concurrently. While on supervised release, Defendant shall comply with the standard

conditions of supervision adopted by the Northern District of Florida and the following special conditions:

1. Defendant shall not own or possess, either directly or constructively, a firearm, ammunition, dangerous weapon, or destructive device.

2. Defendant shall submit to testing to determine whether he is using frugs or alcohol.

3. Defendant shall participate in a program of substance abuse treatment.

4. Defendant shall provide the probation officer all requested financial information, both business and personal.

5. Defendant shall cooperate with the probation office in the collection of DNA samples as required by 42 U.S.C. § 14135a.

A new Judgment and Commitment Order shall be issued, reflecting the drug weights determined by the jury.

Defendant has the right to appeal this sentence. Fed. R. Crim. P. 32(j). Any notice of appeal of this sentence must be filed within 10 days.

**ORDERED** on June 16, 2009.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**