IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  CASE NO. 5:07-cr-4/RS

MARTIN BRANDON MOORE
_____/

**ORDER**

Pursuant to the limited mandate of the U.S. Court of Appeals for the Eleventh Circuit (Doc. 287), Defendant Martin Moore must be resentenced on Count II. The Eleventh Circuit has upheld my conclusion that Moore's advisory guidelines sentence on Count II was a concurrent life sentence. (Doc. 287-1, pp. 4-5). All that remains is for me to resentence Defendant on Count II "in light of the advisory nature of that guidelines sentence and the factors in 18 U.S.C. § 3553(a)."[1] (Doc. 287-1, p. 6).

**I. Advisory Sentence**

The court determines the corrected presentence investigation report is accurate and orders the findings of the report to be incorporated into the following sentence:

Pursuant to the Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 et seq., it is the judgment of the court that **Defendant Martin Brandon Moore is hereby**

---

[1] The court is fully aware that the United States Sentencing Guidelines are advisory rather than mandatory and attempted to make that point clear when citing *United States v. Booker*, 543 U.S. 220, 245, 125 S. Ct. 738, 757 (2005) in its Order.

**committed to the custody of the Bureau of Prisons for a term of life imprisonment as to Count II, to be served concurrently with the term of life imprisonment already imposed for Count I**.  This sentence is imposed based upon the existing record in this case including the Government's enhancement, the presentence report, the Defendant's criminal history category, and the understanding that Count II carries a statutory maximum of life imprisonment and an **advisory guidelines sentence** of life imprisonment.

Upon review of all factors properly considered under 18 U.S.C. § 3553(a), **and taking into account the advisory nature of the United States Sentencing Guidelines**, I conclude that this sentence, which is within the guidelines range, is appropriate.  *See United States v. Booker*, 543 U.S. 220, 245, 125 S. Ct. 738, 757 (2005).  This sentence is sufficient, a lower sentence would not be sufficient, and a greater sentence is not necessary to comply with the statutorily-defined purposes of sentencing.

In making this sentencing decision, I have consulted the United States Sentencing Guidelines and calculated the applicable restricted advisory range to be life imprisonment based upon a total offense level of 38 (Base Offense Level 34; Specific Offense Characteristic +2; Obstruction of Justice +2; Acceptance of Responsibility -0) and a criminal history category of III.  I then determined whether, pursuant to the Sentencing Commission's policy statements, if any departures or variances from the advisory guidelines range were clearly appropriate.  In this case, I find that, **even though the sentencing guidelines are advisory**, a departure from the sentencing guideline range is not warranted.

If released from prison, Defendant shall be placed on supervised release for a term eight (8) years as to Count II, to be served concurrently with the ten (10) years of supervised release Defendant already received for Count I. While on supervised release, Defendant shall comply with the standard conditions of supervision adopted by the Northern District of Florida and the following special conditions:

1. Defendant shall not own or possess, either directly or constructively, a firearm, ammunition, dangerous weapon, or destructive device.
2. Defendant shall submit to testing to determine whether he is using drugs or alcohol.
3. Defendant shall participate in a program of substance abuse treatment.
4. Defendant shall provide the probation officer all requested financial information, both business and personal.
5. Defendant shall cooperate with the probation office in the collection of DNA samples as required by 42 U.S.C. § 14135a.

Defendant has the right to appeal this sentence. Fed. R. Crim. P. 32(j). Any notice of appeal of this sentence must be filed within ten days.

**ORDERED** on June 11, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**