IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                   Case Nos.:  5:07cr4/RS/CJK
                                                  5:11cv389/RS/CJK

MARTIN B. MOORE

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's second amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 329).  The Government has filed a response (doc. 341) and Defendant has filed a reply (doc. 352).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

# PROCEDURAL BACKGROUND[1]

Defendant was charged in a two count indictment with conspiracy to possess with intent to distribute more than 50 grams of cocaine base and more than five kilograms of cocaine ("Count One") and possession with intent to distribute cocaine and 50 grams of cocaine base on a date certain ("Count Two") (doc. 14).   The Government filed a notice of intent to seek enhanced penalties identifying four prior felony drug convictions (doc 27).  After unsuccessfully moving to suppress evidence against him (docs. 31, 46, 47), Defendant proceeded to trial and the jury found him guilty on both counts (doc. 85).  The verdict form reflected the jury's finding that the conspiracy involved 50 grams or more of cocaine base and more than 500 grams but less than five kilograms of cocaine, and that the offense conduct charged in Count Two involved more than five grams but less than 50 grams of cocaine base (*id*.).

The court sentenced Defendant to the statutory mandatory minimum term of life imprisonment on each count due to the quantity of drugs involved in the case and Defendant's prior felony drug convictions (docs. 106, 107, 133).

Defendant raised numerous issues on appeal.  The Eleventh Circuit rejected his challenge to the initial stop of his vehicle and to the failure to suppress evidence seized in the subsequent search.  The appellate court also found no error in the district court's conclusion that Defendant waived his Miranda rights.  Next, it found that Defendant had waived both his Batson claim and a Sixth Amendment claim regarding his parents' exclusion from the courtroom during the jury selection process due to a failure to raise these issues before the district court, and that the district court had not

---

[1]Detailed statements of facts describing the offense conduct are set forth in the revised Presentence Investigation Report (doc. 300) and will be set forth herein only as necessary.

committed plain error in failing sua sponte to instruct the jury regarding similar acts and multiple conspiracies.   Finally it rejected Defendant's challenge to the § 851 notice and proceedings.  The Eleventh Circuit remanded for resentencing on Count Two due to an error in the Judgment and Commitment Order which affected Defendant's sentence on Count Two and correction of a clerical error that did not affect Defendant's sentence on Count One (doc. 235).

On remand, the court again sentenced Defendant to concurrent terms of life imprisonment on Counts One and Two (docs. 248, 251).  Defendant appealed, and the Eleventh Circuit again vacated and remanded Defendant's life sentence on Count Two, finding that the district court erred in treating life imprisonment as a mandatory sentence (doc. 287).  On the second remand, the district court imposed a life sentence on Count Two for a third time (doc. 290) and Defendant again appealed, with counsel filing an Anders brief.  The Eleventh Circuit affirmed on December 20, 2010 (doc. 303).

Defendant timely filed a "§ 2255 Motion for New Trial or in the Alternative, for Re-sentencing" (doc. 314).  The court ordered Defendant to amend his motion because he had not used the appropriate court form (doc. 315).  Defendant submitted an amended motion and attachments, and the court again directed him to amend, specifically noting that once an amended motion is filed, all earlier motions and filings are disregarded (see docs. 326, 327).  Defendant filed a second amended motion to vacate, which, contrary to the court's previous order, did not include copies of the affidavits that he had submitted with his first amended motion (doc. 329).  On July 17, 2012, over a year and a half after filing his initial § 2255 motion,  Defendant filed, through counsel, a motion for extension of time to file an addendum to the second amended motion, which was essentially a request to add an additional ground for

relief (doc. 342).  The court denied Defendant's request as untimely (doc. 344).
Defendant then filed a pro se "addendum to second amended § 2255 motion" in which
he again sought to add the same claim– an ineffective assistance of counsel claim
regarding counsel's alleged failure to show him a copy of the § 851 enhancement until
sentencing (doc. 349).  The court denied the request to add this additional claim (doc.
350).  Counsel filed a response to the court's order (doc. 351) and then a reply to the
Government's response (doc. 352).  In the interim, the court also denied its own
motion for reduction in Defendant's sentence as a result of the retroactive application
of the Sentencing Guidelines to crack cocaine offenses in light of the fact that
Defendant had been sentenced to a statutory mandatory sentence rather than in
accordance with the guidelines (docs. 322–324).

In the present motion, Defendant separates his claims into three grounds for
relief, although one claim is only relevant in the event Defendant can obtain a
resentencing.  Defendant contends that his right to a public trial was violated and that
the court should reconsider his enhanced sentence.  As his third claim, he asserts that,
upon resentencing, he should be entitled to receive the benefit of the Fair Sentencing
Act.  The Government opposes the motion in its entirety, including the "fourth" claim
that Defendant sought to add to his pending motion.

## LEGAL ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds
for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A
prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1)
violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3)
exceeded the maximum authorized by law, or (4) is otherwise subject to collateral

attack.  *See* 28 U.S.C. § 2255(a); <u>McKay v. United States</u>, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  <u>Rozier v. United States</u>, 701 F.3d 681, 684 (11th Cir. 2012); <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  <u>Nyhuis</u>, 211 F.3d at 1343 (quotation omitted).   Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  <u>Sanders v. United States</u>, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  <u>Lynn</u>, 365 F.3d at 1234–35; <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998);  <u>McKay v. United States</u>, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on

direct appeal when its merits can be reviewed without further factual development."
Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).  Absent a showing that
the ground of error was unavailable on direct appeal, a court may not consider the
ground in a section 2255 motion unless the defendant establishes (1) cause for not
raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged
error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234;
Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default,
a defendant must show that "some objective factor external to the defense prevented
[him] or his counsel from raising his claims on direct appeal and that this factor cannot
be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A
meritorious claim of ineffective assistance of counsel can constitute cause.  *See*
Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct
appeal and are properly raised by a § 2255 motion regardless of whether they could
have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503
(2003); *see also* United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order
to prevail on a constitutional claim of ineffective assistance of counsel, a defendant
must demonstrate both that counsel's performance was below an objective and
reasonable professional norm and that he was prejudiced by this inadequacy.
Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S.
362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  In
applying Strickland, the court may dispose of an ineffective assistance claim if a
defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S.
at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

### Ground One

Defendant first claims that his right to a public trial was violated when his parents were excluded from the courtroom during the jury selection process.  Moore asserts that a Court Security Officer ("CSO") asked his parents to leave the

courthouse, and the court building, during the jury selection process, a fact to which they attest in their affidavits (*see* doc. 326 at 16–19).[2]

Defendant raised this issue on appeal, seeking reversal of his conviction or an evidentiary hearing (*see* Eleventh Circuit Court of Appeal, Case No. 07-12530, corrected appellant's brief, Feb. 12, 2008 at 69–73).  The Government opposed his request, arguing that there was no record support for this claim.  The Eleventh Circuit's consideration of the issue in its written opinion was limited to noting that "because there was no objection in the district court, and because the record provides no support for Moore's allegation, we conclude that he has not preserved the issue for appeal" (doc. 235-2 at 3–4).

The Government now asserts that Defendant is precluded from relitigating this issue, because he raised it on appeal.  *See* Withrow v. Williams, 507 U.S. 680, 720–721 (1993) (Scalia, J., concurring); Nyhuis, 211 F.3d at 1343.  The Government concedes that the court can reconsider a previously litigated claim in extraordinary circumstances, such as a change in the law.  *See* Davis v. United States, 417 U.S. 333 (1974).  It notes, however, that the case upon which Defendant relies, Presley v. Georgia, 558 U.S. 209 (2010), which involved the exclusion of a defendant's uncle during jury selection, was a restatement of long-standing precedent rather than a change in the law.  Also, Presley was decided on direct, rather than collateral review.

In Presley, the trial court had ordered defendant's uncle excluded from the courtroom during voir dire, over defense counsel's objection.  The uncle was the lone spectator, but the court cited space considerations and the fact that the uncle could not

---

[2]Defendant's parents' affidavits were not resubmitted in conjunction with the second amended motion to vacate.  Although they are therefore not properly before the court in accordance with the Local Rules (*see* doc. 327 at 2), the court has reviewed their contents.

"sit and intermingle with members of the jury panel." The trial court denied the defense's request for some accommodation. After defendant's conviction, counsel unsuccessfully moved for a new trial on this basis. Ultimately, Presley sought certiorari review, claiming that his Sixth and Fourteenth Amendment rights to a public trial were violated when the trial court excluded the public from the voir dire portion of his trial. The Presley Court noted that it had already decided, in the First Amendment context,[3] that the right to a public trial in criminal cases extends to the jury selection phase of trial, in particular the voir dire of prospective jurors. Presley, 558 U.S. at 212 (citing Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 U.S. 501 (1984) (Press-Enterprise I)). In its opinion, the Court asked, seemingly rhetorically, whether it was so well-settled that the Sixth Amendment right extends to jury *voir dire* that the Court could proceed by summary disposition of Presley's case. Presley, 558 at 213. It answered its own question in the affirmative, finding dispositive its opinions in Press-Enterprise I and Waller v. Georgia, 467 U.S. 39 (1984), and summarily reversed. Presley, 558 U.S. at 213. Thus, the very language the Court used in Presley confirms that the case was not a change in existing law as Defendant now suggests.

Defendant claims in his reply brief that it is within this court's discretion to reconsider issues decided previously on appeal, and that it should do so in this case to avoid "manifest injustice." Thomas v. United States, 572 F.3d at 1300 (11th Cir. 2009) (citing Lehman v. Gulf Oil Corp., 500 F.2d 659, 662–63 (5th Cir. 1974) (distinguishing the law of the case doctrine from res judicata and noting that the

---

[3]The Court held that the right to a public trial extends beyond the accused, who invokes this right under the Sixth Amendment, to the public, members of which can invoke the right under the First Amendment. Presley, 558 U.S. at 212 (citing Press-Enterprise I, 464 U.S. 501).

former "does not preclude a second review if considerations of substantial justice warrant it"); Westbrook v. Zant, 743 F.2d 764, 768 (11th Cir.1984) (noting that the law of the case doctrine "is not an inexorable command") (citation and quotation marks omitted)).  Defendant also argues that his request for an evidentiary hearing on this issue now would take care of the void of evidence about what occurred during voir dire and enable the court to make a proper ruling.

As an initial matter, the undersigned notes that the time for the defense to have raised this issue was before the trial court, where the court could have developed the record and assessed the merits of Defendant's claim in an expeditious fashion. Defendant has neither explained the reason for the lack of contemporaneous objection, nor attempted to circumvent the procedural implications of this omission by couching this issue in terms of an ineffective assistance of counsel claim.  The logical conclusion is thus that Defendant did not bring the issue to counsel's attention until after his trial.  Counsel, of course, is not charged with clairvoyance, and his failure to raise an issue he knew nothing about could not be constitutionally ineffective under Strickland.  *See* United States v. Fields, 565 F.3d 290, 295 (5th Cir. 2009) ("Clairvoyance is not a required attribute of effective representation.")

In general, a defendant's right to a public trial is a "structural error" that would require reversal.  *See* Arizona v. Fulminate, 499 U.S. 279, 310 (1991).  Despite the Court's holding in Presley, however, not every structural error requires reversal.  *See* Purvis v. Crosby, 451 F.3d 734, 737 (11th Cir. 2006); United States v. Greene, 431 F. App'x 191, 195 (3d Cir. 2011) (citing Gibons v. Savage, 555 F.3d 112, 120 (2d Cir. 2009)).  Although not binding, the court finds instructive the analysis in Capshaw v. United States, Case No. 1:12-cv-541-MEF, 2014 WL 2800848 (M.D. Ala. June 19, 2014).  In Capshaw, the defendant claimed that five of his family members were

excluded from voir dire.  Unidentified federal marshals near the door of the courtroom allegedly told these individuals that jury selection was closed to the public and that they could not enter the courtroom until after it was complete.  Defendant Capshaw did not raise the issue at trial, and there was no record evidence that the district court either ordered that jury selection be closed or that the court was aware of the alleged exclusion.  Capshaw first raised the issue in an amendment to his § 2255 motion.  The Capshaw court concluded that the Supreme Court did not intend the holding of Presley to be extended to "unilateral actions of limited scope allegedly taken by unnamed court security personnel, about which the trial judge was unaware." Capshaw, 2014 WL 2800848 at *29; *see also* Greene, 431 F. App'x at 197 (affirming identical conclusion where defendant was "complicit in allowing the court's unawareness of the closure to persist").

In this case, there is no suggestion that either party was seeking closure of the courtroom at any point.  There is no record evidence that the trial judge had directed the exclusion of Defendant's family, had ratified it, or was even aware of it.  There is no indication that any party tried to bring it to the court's attention contemporaneously with the events.  Conversely, in Presley, the Court found problematic that it was the trial court itself who ordered the exclusion of the public from the courtroom, over defense counsel's objection.  Other cases have also found a trial court's involvement in the exclusion to be a critical factor.  *See*, United States v. Agosto-Vega, 617 F.3d 541 (1st Cir. 2010) (reversing and remanding case where trial court itself excluded defendant's relatives from voir dire); United States v. Gupta, 690 F.3d 682 (2d Cir. 2011) (vacating and remanding due to trial court's closure of courtroom).  As such, under the circumstances of this case, the court finds that Defendant has not shown that

the exclusion of parents from voir dire, unbeknownst to the court, is a structural error of the sort that affords him relief.

Ground Two

Defendant next contends that his enhanced sentence should be reviewed because it was premised upon state convictions under a Florida statute that has been held unconstitutional.  Defendant's argument is based upon <u>Shelton v. Sec'y, Dep't of Corrs.</u>, 802 F.Supp.2d 1289 (M.D. Fla. 2011), in which the court found section 893.13, Florida Statutes (2002) to be unconstitutional.  This case affords Defendant no relief, as the Eleventh Circuit reversed the decision in <u>Shelton</u> one month before Defendant filed his reply, expressing "no view on the underlying constitutional question."  *See* <u>Shelton v. Sec'y, Dep't of Corrs.</u>, 691 F.3d 1348, 1355 (11th Cir. 2012).  Furthermore, title 21 U.S.C. § 851, which gave rise to the enhancement in this case,  provides a five year limitations period for challenges to the validity of prior convictions.  21 U.S.C. § 81(e).  To the extent Defendant attempts to challenge the underlying convictions, this limitation period has long passed.  The district court decision in <u>Shelton</u> is of no moment, as the Eleventh Circuit has rejected a defendant's attempt to extend this period to enable a challenge a predicate conviction after <u>Shelton</u>, finding no basis for a statutory exception to the limitation period.  *See* <u>United States v. Watson</u>, 461 F. App'x 887 (11th Cir. 2012).[4]  The court also notes that two of the state convictions for which Defendant's sentence was enhanced occurred in 2000 and therefore predated the 2002 Florida statutory modification that the Middle District found unconstitutional (*see* PSR ¶¶ 33, 34). Finally, to the extent Defendant

---

[4]The <u>Watson</u> court also held that, because defendant had not shown that his prior conviction was presumptively void, despite the holding in <u>Shelton</u>, he would not be entitled to relief.  <u>Watson</u>, 461 F. App'x at 889–90.

seeks to reassert a constitutionality argument, the Florida Supreme Court subsequently rejected the argument that the removal of the knowledge element was violative of due process.  *See*  State v. Atkins, 96 So.3d 412 (Fla. 2012).  Defendant therefore has not shown that he is entitled to relief.

Ground Three

Defendant asserts that upon re-sentencing with respect to Ground Two of the instant motion, he should be given the benefit of the new lower statutory mandatory minimum penalties for crack cocaine offenses as established by the Fair Sentencing Act of 2010 ("FSA").  Although FSA does not apply retroactively, the Government concedes that defendants sentenced after the implementation of the FSA are entitled to the benefits of its changes, regardless of whether the offense conduct took place before the FSA was enacted.  *See*  United States v. Dorsey, 132 S.Ct. 2321 (2012); United States v. Berry, 701 F. 3d 374, 377 (11th Cir. 2012).   Therefore, if Defendant were entitled to be resentenced, a finding the court does not make herein, he would be entitled to the benefit of the FSA.

Ground Four

Defendant attempted to raise a fourth ground for relief by means of an addendum to his second amended motion to vacate.  The court denied his request to amend as untimely (docs. 342, 344, 349–351), but the Government addressed this issue in its response, nonetheless.  In Defendant's  proposed additional claim, he asserted that counsel was constitutionally ineffective because counsel did not show him a copy of the notice of enhancement until the sentencing proceeding, relying on United States v. Ladson, 643 F.3d 1335 (11th Cir. 2011).  In Ladson, the court found that the Government had not filed and served an information containing notice of enhancement before trial, and that the district court thus lacked authority to impose

an enhanced sentence. <u>Ladson</u>, 643 F.3d at 1338. In the case at bar, the Government's notice of intent to seek enhanced penalties was filed and electronically served on counsel on February 1, 2007 (doc. 27), well before the jury trial held in mid-March 2007 (*see* doc. 83). Thus, the proposed fourth amended claim is both untimely and without merit.

<u>Conclusion</u>

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

**Certificate of Appealability**

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 329) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 6th day of August, 2014.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**